UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

DARRELL LAMAR FRITTS #120410 )
)
v. ) NO. 3:05-CV-15
) Jarvis/Guyton
DAVID MILLS, Warden )

**MEMORANDUM and ORDER**

Darrell Lamar Fritts, a prisoner in the West Tennessee State Penitentiary in Henning, Tennessee, brings this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the legality of his confinement pursuant to a 1989 Monroe County conviction for second degree murder. The petitioner argues, as grounds for relief, that the Tennessee Court of Criminal Appeals violated both the Due Process and Ex Post Facto Clauses of the Constitution by applying the "rule" in *State v. Pearson*, 858 S.W.2d 879 (Tenn. 1993), retrospectively to his case.[1] (Court File No. 1, Pet. at ¶12(A) and (B)). The respondent has moved to dismiss this action and the petitioner has responded in opposition. (Court File Nos. 4 and 7). The respondent argues that the petition is time-barred under the applicable limitations statute and, alternatively, that the grounds raised therein are

---

[1] In 1989, Tennessee changed its sentencing law. The petitioner was sentenced under the new law, although his crime was committed before its effective date. In such a case, *Pearson* requires a trial court to calculate the appropriate sentence under both the old statute and the new statute and to impose the lesser of the two sentences. The petitioner claims that he would have received a lower sentence under the old law and that sentencing him under the new law violates his rights.

procedurally defaulted. The petitioner argues, in essence, that his claims are not barred by the statute of limitations because it was only after the lapse of the statute that he recognized that the *Pearson* "rule" unconstitutionally had been applied to his particular case. He further suggests that his claims have not been procedurally defaulted. Because the Court agrees with the respondent that the petition is untimely, his motion will be GRANTED.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, contains a one-year statute of limitations governing the filing of an application for a federal writ of habeas corpus. *See* 28 U.S.C. § 2244. The statute begins to run when one of four circumstances occurs: the conclusion of direct review; upon the removal of an impediment which prevented a petitioner from filing a habeas corpus petition; when a petition alleges a constitutional right, newly recognized by the Supreme Court and made retroactive on collateral review; or when a claim depends upon factual predicates which could not have been discovered earlier through the exercise of due diligence. *Id*. The time is tolled, however, during the pendency of a properly filed application for state post-conviction relief. *Id*.

Here, on direct review, the Tennessee Supreme Court denied the petitioner's application for permission to appeal on February 1, 1993. *State v. Fritts*, 1992 WL 23612 (Tenn. Crim. App. Sept. 25, 1992), *perm. app. denied* (Tenn. 1993). Ninety days later, on May 2, 1993, the petitioner's opportunity to file a petition for a writ of certiorari in the United States Supreme Court expired. Therefore, the petitioner's conviction became final, for purposes of § 2244(d)(1)(A), on May 2, 1993. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th

Cir.2000). Because the petitioner's judgment became final on a date prior to the enactment of the AEDPA, the time for filing his § 2254 petition would expire on April 24, 1997, which is one year from the date the AEDPA was enacted. *Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002).

As noted, however, the limitations statute is tolled while a properly filed state post-conviction is pending. *See* 28 U.S.C. § 2244(d)(2). A *pro se* state post-conviction petition was filed in the Monroe County Criminal Court on October 15, 1993. *Fritts v. State*, 1999 WL 604430* 1 (Tenn. Crim. App. Aug. 12, 1999). The court denied the petition on May 7, 1994, and the petitioner did not appeal. *Id.* On that same date, he filed a second post-conviction petition. *Id.* Again, the court denied the petition. Id. This time, the petitioner appealed. *Id.* On August 12, 1999, the state appellate court affirmed the trial court's decision. *Id.* The petitioner did not seek further review. Therefore, the petitioner's post-conviction proceedings came to an end on October 11, 1999 —upon the expiration of the 60-day period for filing an application for permission to appeal in the Tennessee Supreme Court. *See* Tenn. R. App. P. 11(b). At this point, his post-conviction proceedings were no longer pending in the state courts, and the AEDPA's one-year statute of limitations began to run.

However, on March 13, 2000, the petitioner moved to reopen his post-conviction proceedings, (Court File No. 5, Addendum No. 5), stopping the AEDPA's one-year time clock, which had ticked for one hundred, fifty-three days. The motion to reopen was denied; the appeal was dismissed as untimely; and the state supreme court declined

3

further review on September 17, 2001. (Addendum No. 12). On this date, the AEDPA's clock resumed running. It ran for 212 days more and expired on April 12, 2002.[2]

Therefore, because the 1-year statute of limitations in § 2244(d)(2) expired on April 12, 2002, this petition, filed on September 9, 2004 --- almost two years and a half years after the lapse of the statute, is time-barred. The Court finds it unnecessary to address the parties' respective arguments regarding procedural default.

Because the petition itself is time-barred, the petitioner's motions to amend are likewise time-barred and are **DENIED**. (Court File Nos. 6 and 22).

A separate order will enter.

**ENTER**:

*s/ James H. Jarvis*
JAMES H. JARVIS
SENIOR U. S. DISTRICT JUDGE

---

[2] Though the petitioner filed a state habeas corpus petition on May 7, 2002 (Addendum No. 15), the AEDPA's statute of limitations had already lapsed. It is obvious that the time-tolling provision in § 2244(d)(2) is not a factor with respect to the state petition since there was no time left to toll.

4